## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| **DAYS INNS WOLDWIDE, INC.,** | **Civil Action Number:** |
| **Plaintiff,** | **10-cv-4450 (WJM) (MF)** |
| **v.** | **OPINION** |
| **SEETAL CORPORATION, a Georgia Corporation; and JAY KUMAR PATEL, an individual,** | **HON. WILLIAM J. MARTINI** |
| **Defendants.** | |

### OPINION

This action comes before the Court on the motion of Plaintiff Days Inns Worldwide, Inc. ("DIW") for default judgment pursuant to Rule 55(b) of the Federal Rules of Civil Procedure against Defendants Seetal Corporation and Jay Kumar Patel ("Defendants"). Plaintiff's motion will be **GRANTED** with respect to liability and with respect to the amount of damages.

## I.    BACKGROUND

DIW, a Delaware corporation with its principal place of business in Parsippany, New Jersey, is a franchisor of guest lodging facilities. Seetal is a corporation organized and existing under the laws of Georgia, where its principal place of business is located. Jay Kumar Patel is a principal of Seetal and a citizen of Georgia. 28 U.S.C. § 1332. The Court has personal jurisdiction over all Defendants pursuant to the agreement by and between Seetal and DIW ("License Agreement") and pursuant to the separately signed Guaranty. (Pl. Mot., Ex. C.) Defendants expressly consented to the "non-exclusive personal jurisdiction of and venue in . . . the United States District Court for the District of New Jersey." (Pl. Mot., Ex. A ¶ 17.4; Ex. C.)

On July 14, 1995, DIW entered into the License Agreement with Seetal for the operation of a 176-room guest lodging facility located at 3170 Victory Drive, Columbus, Georgia (the "Facility"). Seetal was obligated to operate the Facility as a Days Inn guest lodging facility for fifteen years. Furthermore, Seetal agreed to make certain periodic payments to DIW for royalties, service assessments, taxes, interest, reservation system user fees, and

1

other fees ("Recurring Fees"), and to accurately report to DIW its monthly gross revenue for the purpose of determining the amount of Recurring Fees due DIW.

Section 11.2 of the License Agreement governed DIW's termination rights. Under this section, DIW could terminate the Franchise Agreement, with notice to the Defendants, for various reasons. This included failure to remedy any default of Defendants' obligations under the License Agreement within 30 days of receiving notice from DIW specifying one or more defaults under the License Agreement. In the event that DIW terminated the License Agreement pursuant to this section, Seetal was obligated to pay liquidated damages to DIW. Furthermore, section 17.4 provided that in the event of litigation, the non-prevailing party would pay all legal costs and expenses.

On or about June 20, 2003, DIW entered into a Satellite Connectivity Services Addendum ("Satellite Addendum") with Seetal. Pursuant to the Satellite Addendum, Seetal agreed that, in the event of a termination of the Satellite Addendum (including by virtue of termination of the License Agreement), it would pay Satellite Addendum Liquidated Damages in the amount of $1,000.00 within 10 days following the date of termination.

In six letters dated February 8, 2006 through June 17, 2009, DIW informed the Defendants that since November 15, 2005, the Facility had received a failing score following DIW's quality assurance inspections. DIW therefore advised Seetal that it was in default under the License Agreement.

In a letter dated October 29, 2009, DIW notified the Defendants that DIW terminated the License Agreement due to Seetal's failure to cure its operational default. The letter further demanded immediate payment of past-due Recurring Fees and liquidated damages.

DIW filed a complaint in this Court on January 5, 2011. Service was made on both Defendants in Duluth, Georgia on January 25, 2011. The Defendants did not answer or otherwise respond to the Complaint. The Clerk entered default on February 18, 2011. On March 9, 2011, Plaintiff filed this motion requesting entry of default judgment against Defendants. DIW now seeks to recover the Recurring Fees that were outstanding at the time of the termination of the License Agreement, liquidated damages in the amount of $177,000.00 and attorneys' fees and costs totaling $5,527.53. Plaintiff also seeks pre-judgment interest on the Recurring Fees and liquidated damages.

## II.    STANDARD OF REVIEW

Federal Rule of Civil Procedure 55 governs default. After the clerk's entry of default pursuant to Rule 55(a), a plaintiff may then seek the court's entry of default pursuant to Rule 55(b)(2). *Doug Brady, Inc. v. N.J. Bldg. Laborers Statewide Funds*, 250 F.R.D. 171, 177 (D.N.J. 2008). "Before imposing the extreme sanction of default, district courts must make explicit factual findings as to: (1) whether the party subject to default has a meritorious defense, (2) the prejudice suffered by the party seeking default, and (3) the

culpability of the party subject to default." *Id.* (quoting *Emcasco Ins. Co. v. Sambrick*, 834 F.2d 71, 74 (3d Cir. 1987)).

The district court has considerable latitude in determining the amount of damages. *Jones v. Winnepesaukee Realty*, 990 F.2d 1, 4 (1st Cir. 1993). The court is not required to conduct a hearing "as long as it ensure[s] that there [is] a basis for the damages specified in the default judgment." *Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp.*, 109 F.3d 105, 111 (2d Cir. 1997). "It is familiar practice and an exercise of judicial power for a court upon default, by taking evidence when necessary or by computation from facts of record, to fix the amount which the plaintiff is lawfully entitled to recover and to give judgment accordingly." *Pope v. United States*, 323 U.S. 1, 12 (1944).

## III.   DISCUSSION

Because Defendants failed to respond in any way to the Complaint, the Court must accept the truthfulness of DIW's well-pleaded allegations pertaining to breach of contract and non-payment of fees. The Court finds that the longer DIW does not receive payment, the more it is harmed. Therefore, if default were denied, DIW would be prejudiced. In addition, it appears to the Court that Defendants were properly served and that DIW took all proper steps in bringing its motion for default. The Court is unaware of any litigable defenses available to these Defendants and finds that their failure to respond to the Complaint was the result of their own culpable conduct. It follows that the requirements for granting default judgment are satisfied.

The Court now turns to the amount of damages. DIW's first claim concerns Recurring Fees, including prejudgment interest, in the amount of $118,276.67. In support of its claim for damages, DIW submitted an itemized statement prepared by DIW which sets forth the amount of Recurring Fees due and owing from Defendants as of February 18, 2011. (Pl. Mot., Ex. F; *see also* Fenimore Aff. ¶ 26, Mar. 1, 2011.) This evidence satisfies the legal standard, *i.e.* a basis for damages is supported by record evidence.

DIW further requests attorneys' fees in the amount of $5,527.53. In support of this figure, DIW submitted an invoice from the firm of Clyde and Co US LLP, which contains a breakdown of the individuals working on the matter, their hourly rates, hours worked, and other expenses incurred. (Pl. Mot., Ex. B.) The certification of Plaintiff's counsel further discusses the expenses incurred by DIW in connection with this matter, including filing fees, telephone charges, services of process fees, postage, and overnight courier expenses. (Couch Cert. ¶¶ 9-11, Mar. 7, 2011.) The amount claimed is (again) supported by record evidence and appears reasonable.

Finally, DIW requests $177,000 in liquidated damages. Of this amount, $1,000 arises out of the express wording of the Satellite Agreement, and is therefore supported by record evidence. (Pl. Comp., Ex. B; Ex. C (Guaranty signed by Mr. Patel in his individual capacity).) The remainder of the claim for liquidated damages flows from Sections 12.1 and 18.1 of the License Agreement. Finally, prejudgment interest accrues on all

liquidated damages. The Court is satisfied that Plaintiff's claim for liquidated damages (and prejudgment interest) satisfies the legal standard here and determines that the amount owed is $219,946.68.

## IV.    CONCLUSIONS

For the foregoing reasons, DIW's motion for default judgment against Defendants is **GRANTED** and judgment shall be entered against Seetal and Jay Kumar Patel in the amount of $343,750.88.

An appropriate judgment follows.

s/ William J. Martini

**DATE: July 14, 2011**                    **William J. Martini, U.S.D.J.**